**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

GREG LOPEZ,

    Plaintiff,

v.                                            Case No. 3:16-cv-980-J-34MCR

NANCY A. BERRYHILL, Acting Commissioner
of the Social Security Administration,

    Defendant.

## O R D E R

**THIS CAUSE** is before the Court on Magistrate Judge Monte C. Richardson's Report and Recommendation (Doc. 21; Report), entered on August 14, 2017. Upon consideration of Plaintiff's Complaint for Judicial Review of a Final Decision of the Commissioner of the Social Security Administration [the Commissioner] (Doc. 1; Complaint) which denied Plaintiff's claims for disability insurance benefits, Plaintiff's Memorandum of Law in Opposition to the Commissioner's Decision Denying Plaintiff's Claim for a Period of Disability and Disability Insurance (Doc. 17; Plaintiff's Memorandum), Defendant's Memorandum in Support of the Commissioner's Decision (Doc. 20), and the full record, Judge Richardson recommended that this Court affirm the Commissioner's decision. See Report at 2, 18. On August 28, 2017, Plaintiff filed objections to the Report. See Plaintiff's Objections to Magistrate Judge's Report and Recommendation and Request for Oral Argument (Doc. 22; Objections). Defendant has not responded to the Objections and the time to do so expired on September 11, 2017. See Rule 72(b)(2), Federal Rules of Civil Procedure (Rule(s)); Rule 6.02(a) of the Local Rules, United States

District Court, Middle District of Florida. Nevertheless, based on the Court's review of the Report, the record, and the Objections, the Court has determined that a response is not necessary in this case.[1] Accordingly, this matter is ripe for review.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions de novo. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at *1 (M.D. Fla. May 14, 2007).

The Court has reviewed the Report and the Objections.[2] Upon independent review of the file and for the reasons stated in Judge Richardson's Report, the Court will overrule

---

[1] The Court recognizes that the failure to respond may be related to Hurricane Irma which hit Florida on September 9 through September 11, 2017, and resulted in the closure of this Courthouse on September 8, 10, and 11, 2017. Because this Court's review discloses that the Objections are due to be overrruled, the Court will not require a response.

[2] Although Plaintiff objected to the Report, he does not refer to any specific legal or factual finding that he believes to be error. Instead, Plaintiff asserts that the Magistrate Judge's ultimate determination that his disability ended on November 20, 2012 was not supported by substantial evidence, and generally directs the Court to his previously filed Plaintiff's Memorandum. See Objections at 1. Such generalized objections are entirely insufficient to warrant specific de novo consideration of the Magistrate Judge's factual findings. See Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam); Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) ("Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court."); see also United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (per curiam); 28 U.S.C. § 636(b). Indeed, Plaintiff must identify those portions of the factual findings in the Report of which he requests this Court's specific consideration. Schultz, 565 F.3d at 1361. "This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." Id. (quoting Nettles v. Wainwright, 677 F.2d 404, 410 (5th Cir. Unit B 1982), overruled on other grounds, Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996)). In the Objections, Plaintiff simply disagrees with the Magistrate Judge's ultimate conclusion rather than presents a specific objection to a factual finding in the Report. As such, the Court finds that Plaintiff would not be entitled to a de novo review of the Magistrate Judge's factual findings. Nevertheless, the undersigned concludes the Magistrate Judge's findings are fully supported by the record.

the Objections, and accept and adopt the legal and factual conclusions recommended by Judge Richardson. Accordingly, it is hereby **ORDERED**:

1. The objections set forth in Plaintiff's Objections to Magistrate Judge's Report and Recommendation and Request for Oral Argument (Doc. 22) are **OVERRULED**.

2. The Magistrate Judge's Report and Recommendation (Doc. 21) is **ADOPTED** as the opinion of the Court.

3. The Clerk of the Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) **AFFIRMING** the Commissioner's final decision and close the file.

**DONE AND ORDERED** in Jacksonville, Florida this 15th day of September, 2017.

MARCIA MORALES HOWARD
United States District Judge

lc25
Copies to:
Counsel of Record

- 3 -